UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DANA BAKER,<br><br>    Plaintiff,<br>vs.<br><br>DONALD DEXTER JR., *et al.*,<br><br>    Defendants. | Case No.: 2:15–cv–00247–GMN–VCF<br><br>**ORDER**<br><br>MOTION TO ENFORCE COURT ORDERED IME AND REQUEST FOR RULE 37 SANCTIONS AGAINST PLAINTIFF'S COUNSEL (#14, #16) AND EMERGENCY MOTION FOR PROTECTIVE ORDER (#17) |

This matter involves Dana Baker's personal injury action arising out of a motor vehicle collision against Donald Dexter Jr. Two motions are before the court: (1) Donald Dexter Jr.'s Emergency Motion to Enforce Court Ordered IME and Request for Rule 37 Sanctions Against Plaintiff's Counsel (#14, #16);[1] and (2) Dana Baker's Emergency Motion for Protective Order (#17). For the reasons stated below, Donald Dexter Jr.'s Emergency Motion to Enforce Court Ordered IME and Request for Rule 37 Sanctions Against Plaintiff's Counsel (#14, #16) is granted in part and denied in part. Dana Baker's Emergency Motion for Protective Order (#17) is denied.

**DISCUSSION**

On January 18, 2013, Plaintiff was driving eastbound on Horizon Ridge Parkway in Henderson, Nevada. She stopped at the direction of construction workers who were directing traffic around the scene of active road construction. The Defendant struck the Plaintiff's vehicle on the driver's side. This action followed.

---

[1] Parenthetical citations refer to the court's docket.

On March 19, 2015, the court entered a Discovery Plan and Scheduling Order (#10). In pertinent part, the parties agreed that the Defendant "may" set a Rule 35 medical examination at a time agreed to by the parties. (*See* #10 at ¶ 3(A)). The Defendant argues that the Plaintiff is in violation of the above mentioned court order and has repeatedly obstructed Defendant's right to this court-ordered Rule 35 Examination. (*See* #15 at 2:13-15). The Plaintiff argues that no order has been issued regarding a Rule 35 medical examination, (*see* Pl.'s Resp. #19 at 2:3-7), and the only reference to an IME is in the Discovery Plan and Scheduling Order (#10). Negotiations over the IME have stalled, which prompted the instant motions. Baker also wants the Defendant's proposed expert, Steven McIntire, M.D., to be precluded from conducting the examination. (*See* #17 at 1). On June 10, 2015, the court held a hearing on the instant motions. (*See* Mins. Proceedings #20).

The Discovery Plan and Scheduling Order (#10) was not, as Defendant argues, a court-ordered Rule 35 Examination. An enforceable IME order must comply with Federal Rule of Civil Procedure 35(a)(2), which provides that an order (1) "may be made only on motion for good cause and on notice to all parties and the person to be examined; and (2) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35 (a)(2).

Plaintiff relied on the following comment in the Notes of Advisory Committee on 1991 amendment which states:

> The court is thus expressly authorized to assess the credentials of the examiner to assure that no person is subjected to a court-ordered examination by an examiner whose testimony would be of such limited value that it would be unjust to require the person to undergo the invasion of privacy associated with the examination.

Fed. R. Civ. P. 35, Ad. Comm. Notes (1991).

An adverse party does not have the power to veto the other party's proposed expert "based upon allegations of bias when those allegations are based on the fact that the physician generally is retained by the defense side of a lawsuit." *Pham v. Wal-Mart Stores, Inc*., No. 2:11–CV–01148–KJD–GW, 2012 WL 1957987, at *3 (D. Nev. May 29, 2012), citing *inter alia*, *McKitis v. Defazio,* 187 F.R.D. 225, 227-28 (D.Md.1999).

Therefore, as discussed during the hearing, the court ordered that the IME will take place with Steven McIntire, M.D., in Las Vegas, Nevada, preferably in two weeks. Plaintiff's Emergency Motion for Protective Order (#17) is denied and Defendant's Emergency Motion to Enforce Court Ordered IME and Request for Rule 37 Sanctions is denied. (#14, #16).

The court has approved the stipulation (#22) filed by the parties on Friday, June 12, 2015. Such an agreement should have been reached between counsel without court intervention. Both Mr. McGaha and Ms. Entzminger are experienced, highly competent, and ethical attorneys. Reviewing all relevant filings and considering the arguments of counsel, the court finds that both sides unreasonably and unnecessarily compounded these proceedings. What should have been a dispute amenable to resolution by compromise became a test of wills between counsel. The court's inherent power includes the ability to enter orders to protect against the wasting of its resources. *See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001).

Counsel took unreasonable positions: (1) the Defendant asserting that paragraph 3(A) of the Discovery Plan and Scheduling Order (#10) was an order issued in compliance with Rule 35(a)(2); and (2) Plaintiff asserting, in effect, that conducting the proposed IME would be unjust. Accordingly Mr. McGaha and Ms. Entzminger are each ordered to pay $50.00 to the crime victims' assistance fund on or before June 30, 2015. Counsel are admonished to consider their positions carefully before forcing a discovery dispute into motion practice.

3

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant's Emergency Motion to Enforce Court Ordered IME and Request for Rule 37 Sanctions Against Plaintiff's Counsel (#14, #16) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion for Protective Order (#17) is DENIED.

IT IS FURTHER ORDERED that Mr. McGaha and Ms. Entzminger are each ordered to pay $50.00 to the court clerk. The checks must be payable to Clerk, U.S. District Court, will be credited towards the crime victims' assistance fund, and must be delivered to the clerk's office by 4:00 p.m. on June 30, 2015.

IT IS SO ORDERED.

DATED this 15th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE